UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FIFTH THIRD BANK, and FIFTH THIRD BANCORP,

    Plaintiffs,

vs.                            Case No. 2:12-cv-577-FtM-SPC

GREGORY BARKAUSKAS, DELFINA BUENROSTRO, SANA ITAYEM, and ALISHA GARCIA PACHECO,

    Defendants.
_____

**OPINION AND ORDER**

    This matter comes before the Court on a jurisdictional review of the Verified Complaint (Doc. #1), filed on October 19, 2012. Plaintiffs allege that Gregory Barkauskas and Sana Itayem are residents of Naples, Florida, and Delfina Buenrostro and Alisha Garcia Pacheco are residents of Bonita Springs, Florida. (Doc. #1, ¶¶ 7-10.) Plaintiffs Fifth Third Bank and Fifth Third Bancorp are Ohio corporations, which maintain a principal place of business in Cincinnati, Ohio. (Id., ¶¶ 4, 5.) Subject-matter jurisdiction is premised on the presence of diversity jurisdiction and it is alleged that the amount in controversy exceeds $75,000. (Id., ¶ 2.)

    "In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States and be domiciled within the State." Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989). Pleading

residency is not the equivalent of pleading domicile. <u>Molinos Valle Del Cibao, C. Por A. v. Lama</u>, 633 F.3d 1330, 1341 (11th Cir. 2011); <u>Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.</u>, 561 F.3d 1294, 1297 (11th Cir. 2009); <u>Taylor v. Appleton</u>, 30 F.3d 1365, 1367 (11th Cir. 1994). Plaintiffs allege the residency of the individuals without alleging the citizenship. Therefore, diversity jurisdiction is not adequately pleaded. No federal question is presented. Plaintiffs will be provided an opportunity to state the presence of federal jurisdiction pursuant to 28 U.S.C. § 1653.

Plaintiffs may also take this opportunity to address any additional pleading deficiencies. For example, all four counts in the Verified Complaint contain a paragraph realleging the allegations of all the preceding paragraphs. (Doc. #1, ¶¶ 38, 44, 50, 54.) This is a shotgun pleading. "The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts [ ] contain irrelevant factual allegations and legal conclusions." <u>Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.</u>, 305 F.3d 1293, 1295 (11th Cir. 2002); <u>see also</u> <u>Magluta v. Samples</u>, 256 F.3d 1282, 1284 (11th Cir. 2001). Plaintiffs will be required to replead each of their claims and to specify which factual allegations are relevant to each count.

Additionally, by lumping "defendants" together, plaintiffs have failed to comply with Fed. R. Civ. P. 8. Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Under this rule, when a complaint alleges that multiple defendants are liable for multiple claims, courts must determine whether the complaint gives adequate notice to each defendant." Pro Image Installers, Inc. v. Dillon, No. 3:08cv273, 2009 WL 112953, at *1 (N.D. Fla. Jan. 15, 2009)(citing Atuahene v. City of Hartford, 10 F. App'x 33, 34 (2d Cir. 2001)); Bentley v. Bank of Am., 773 F. Supp. 2d 1367, 1373 (S.D. Fla. 2011). Although a complaint against multiple defendants is usually read as making the same allegation against each defendant individually, Crowe v. Coleman, 113 F.3d 1536, 1539 (11th Cir. 1997), factual allegations must give each defendant "fair notice" of the nature of the claim and the "grounds" on which the claim rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 n.3 (2007). Accordingly, at times, a plaintiff's "grouping" of defendants in a complaint may require a more definite statement. See Veltmann v. Walpole Pharmacy, Inc., 928 F. Supp. 1161, 1164 (M.D. Fla. 1996); Lane v. Capital Acquisitions & Mgmt., Co., No. 04-60602 CIV, 2006 WL 4590705, at *5 (S.D. Fla. Apr. 14, 2006)("By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, the [] Complaint fails to satisfy the minimum standard of Rule 8.").

Accordingly, it is now

**ORDERED**:

1. The Verified Complaint (Doc. #1) is **dismissed without prejudice** for lack of subject matter jurisdiction.

2. Plaintiffs may file an amended complaint within **TWENTY-ONE (21) DAYS** of the date of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this <u>14th</u> day of November, 2012.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge

Copies: Counsel of record