UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FIFTH THIRD BANK, and FIFTH THIRD
BANCORP,

     Plaintiffs,

vs.         Case No.  2:12-cv-577-FtM-SPC

GREGORY BARKAUSKAS, DELFINA
BUENROSTRO, SANA ITAYEM, and ALISHA
GARCIA PACHECO,

     Defendants.
_____

**<u>OPINION AND ORDER</u>**

  This matter comes before the Court on Motion of Plaintiffs Fifth Third Bank and Fifth Third Bancorp for Preliminary Injunction (Doc. #6) filed on October 22, 2012.  Defendants filed an Opposition (Doc. #17) on October 31, 2012.  The Court heard oral argument on November 7, 2012.

**I.**

  Plaintiffs Fifth Third Bank and Fifth Third Bancorp (Fifth Third or plaintiffs) seek to enjoin defendants Gregory Barkauskas, Delfina Buenrostro, Sana Itayem, and Alisha Garcia Pacheco (defendants) from violating confidentiality and restrictive covenants.  Defendants are former employees of Fifth Third who resigned on October 1, 2012 and immediately joined the competing firm of SunTrust Bank and/or its affiliate(s).  (Doc. #32, ¶ 11.) Fifth Third asserts that defendants have and continue to initiate

contact and solicit Fifth Third customers in an effort to entice or encourage them to continue doing business with defendants at SunTrust, and have removed confidential customer data and information belonging to Fifth Third.  (Id., ¶¶ 32, 33.)  Fifth Third has filed a four-count First Amended Verified Complaint (Doc. #32) alleging claims of Breach of Contract as to defendants Barkauskas and Itayem (Count I), Tortious Interference with Contract/Prospective Business Relationships as to all defendants and/or Aiding and Abetting or Conspiracy to Commit the Same (Count II), Tortious Interference with Contract as to defendants Buenrostro and Pacheco (Count III), and violation of Trade Secrets (Count IV).

## II.

In the Eleventh Circuit, issuance of "a preliminary injunction is an extraordinary and drastic remedy that should not be granted unless the movant clearly carries [the] burden of persuasion on each of [four] prerequisites." Suntrust Bank v. Houghton Mifflin Co., 252 F.3d 1165, 1166 (11th Cir. 2001)(citation omitted). See also McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998). The four prerequisites for a preliminary injunction are: (1) a substantial likelihood of succeeding on the merits; (2) a substantial threat of irreparable injury if relief is denied; (3) an injury that outweighs the opponent's potential injury if relief is granted; and (4) an injunction would not harm or do a disservice

to the public interest. <u>Suntrust Bank</u>, 252 F.3d at 1166; <u>Am. Red Cross v. Palm Beach Blood Bank, Inc.</u>, 143 F.3d 1407, 1410 (11th Cir. 1998). The burden of persuasion for each of the four requirements is upon the movant. <u>Siegel v. LePore</u>, 234 F.3d 1163, 1176 (11th Cir. 2000)(en banc).

A federal court sitting in diversity jurisdiction applies the substantive law of the forum state unless federal constitutional or statutory law compels a contrary result. <u>Technical Coating Applicators, Inc. v. U.S. Fid. & Guar. Co.</u>, 157 F.3d 843, 844 (11th Cir. 1998). Here, the law of Florida is applicable.

**A.   Substantial Likelihood of Success on the Merits**

**(1) Breach of Contract (Count I)**

Under Florida Statute § 542.335, "[r]estrictive covenants are valid if reasonable in time, area and line of business, set forth in a writing signed by the party against whom enforcement is sought, and the contractually specified restraint is supported by at least one legitimate business interest justifying the restraint, and reasonably necessary to protect that interest." <u>Envtl. Servs., Inc. v. Carter</u>, 9 So. 3d 1258, 1263 (Fla. 5th DCA 2009).

In this case, Fifth Third alleges that Barkauskas electronically accepted: (1) long-term cash award agreements in 2009, 2010, and 2011; (2) a Restricted Stock Award Agreement and a Stock Appreciation Rights agreement in 2012; and (3) a 2012

Incentive Compensation Plan Investment Advisors Investment Executive. (Doc. #32, ¶¶ 21, 23.)

In addition, Fifth Third alleges that Itayem electronically accepted: (1) a restricted stock award agreement and a stock appreciation rights agreement in 2008; (2) long-term cash award agreements in 2009, 2010, and 2011; and (3) a 2012 Incentive Compensation Plan Investment Advisors Private Banker. (Id., ¶¶ 24, 26.)

However, Fifth Third has only provided this Court with a copy of three agreements: (1) a Long-Term Cash Award Agreement (Doc. #32-3); (2) a 2012 Incentive Compensation Plan Investment Advisors Investment Executive (Doc. #32-4); and (3) a 2012 Incentive Compensation Plan Investment Advisors Private Banker (Doc. #32-5). In addition, Fifth Third has produced a spreadsheet reflecting the electronic acceptance of various agreements by defendants. (Doc. #32-2.) While Fifth Third alleges that the 2012 Incentive Compensation Plans were accepted by defendants Barkauskas and Itayem, the acceptances are not noted in the spreadsheet and Fifth Third did not produce any additional evidence that the agreements were accepted. Similarly, while Fifth Third alleges that the Long-Term Cash Award Agreement attached as Exhibit C to the First Amended Verified Complaint is the 2010 agreement electronically accepted by Barkauskas, Fifth Third provides no evidence in support that Exhibit C is the 2010 agreement and on its face there is no

indication that it is.  Without more, the Court cannot determine whether a contract exists between Fifth Third and defendants Barkauskas and Itayem, let alone whether a contract was breached.[1]

Because the evidence presented to the Court at this stage of the proceedings does not establish a substantial likelihood that Fifth Third will prevail on its claim that defendants Barkaukas and Itayem breached an agreement, a preliminary injunction will be denied as to Count I.

### (2) Tortious Interference (Counts II and III)

Under Florida law, the elements of a cause of action for tortious interference with a contractual relationship are: (1) the existence of a contract, (2) the defendant's knowledge of the contract, (3) the defendant's intentional procurement of the contract's breach, (4) absence of any justification or privilege, and (5) damages resulting from the breach.  <u>Johnson Enters. of Jacksonville, Inc. v. FPL Grp., Inc.</u>, 162 F.3d 1290 (11th Cir. 1998)(citing <u>Florida Tel. Corp. v. Essig</u>, 468 So. 2d 543, 544 (Fla. 5th DCA 1985)).

Because Fifth Third has at this stage of the proceedings failed to establish the existence of contracts between Fifth Third

---

[1]Fifth Third also alleges that all the defendants agreed to abide by Fifth Third Bancorp's Code of Business Conduct and Ethics, which contains provisions designed to preserve the confidentiality of Fifth Third's customer information.  (Doc. #32, ¶ 27.)  However, Fifth Third has failed to provide a copy of the Code to the Court nor has it provided evidence that defendants agreed to its terms.

and defendants Barkauskas and Itayem or between Fifth Third and its customers, a preliminary injunction will be denied as to Counts II and III.

### (3) Violation of Trade Secrets (Count IV)

The Court further finds that Fifth Third has not shown a substantial likelihood of success on the claim that defendants have converted for their own use trade secrets in violation of the Florida Uniform Trade Secret Act.  Under Florida law, a trade secret consists of information that "(1) derives economic value from not being readily ascertainable by others and (2) is the subject of reasonable efforts to maintain its secrecy." Am. Red Cross, 143 F.3d at 1410 (citing Fla. Stat. § 688.002(4)).  Customer lists have been held to constitute a trade secret only if the lists are not available from public sources, are distillations of larger lists, and great effort and expense went into their preparation. East v. Aqua Gaming, Inc., 805 So. 2d 932, 934 (Fla. 2d DCA 2001); Sethscot Collection v. Drbul, 669 So. 2d 1076, 1078  (Fla. 3d DCA 1996); Templeton v. Creative Loafing Tampa, Inc., 552 So. 2d 288, 290 (Fla. 2d DCA 1989); Erik Electric Co. v. Elliot, 375 So. 2d 1136, 1138 (Fla. 3d DCA 1979).

In this case, Fifth Third alleges that defendants are soliciting Fifth Third's current customers and that "some or all of the Defendants removed confidential Fifth Third customer contact information." (Doc. #32, ¶ 33.)  Defendants attest they did

not remove confidential Fifth Third customer contact information and instead were able to dial some clients' phone numbers from memory, returned calls to clients who called defendants first, found clients' numbers from public sources, and reached others from numbers stored in their personal cell phones. (Doc. #17-1, pp. 17, 18, 54, 63, 64, 67, 68.)   Regardless of whether there was a customer list or not, the Court finds that Fifth Third has not demonstrated a substantial likelihood of success as to this issue. If there was a customer list, Fifth Third has not provided evidence demonstrating that the customer list allegedly in the possession of defendants contains information not readily available from public sources, or that they incurred great expense in compiling such a list.   In the alternative, if defendants are simply contacting customers based on their memory, they are free to do so.  See Am. Red Cross, 143 F.3d at 1410.  Thus, a preliminary injunction will be denied as to Count IV.

### B.   Remaining Preliminary Injunction Factors

As Fifth Third has failed to meet its burden of establishing a substantial likelihood of success on the merits as to each of its claims, the Court finds it unnecessary to engage in the remainder of the preliminary injunction analysis.

Accordingly, it is now

**ORDERED:**

Motion of Plaintiffs Fifth Third Bank and Fifth Third Bancorp for Preliminary Injunction (Doc. #6) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this <u>19th</u> day of November, 2012.

 

 

JOHN E. STEELE
United States District Judge

Copies: Counsel of record