UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FIFTH THIRD BANK and FIFTH THIRD
BANCORP,

    Plaintiffs,

v.                                                     Case No:  2:12-cv-577-Ftm-29SPC

GREGORY BARKAUSKAS, DELFINA
BUENROSTRO, SANA ITAYEM and
ALISHA GARCIA PACHECO,

    Defendants.
_____/

**ORDER**

This matter comes before the Court on Defendants' Motion to Stay Discovery (Doc. #46) filed on January 16, 2013.  Plaintiff's Memorandum in Opposition (Doc. #47) was filed on February 1, 2013.  Thus, the Motion is now ripe for review.

Defendants move for a stay of discovery in this matter as they have filed a Motion to Join Fifth Third Securities, Inc. as a Party, Cross-Motion, and Compel Arbitration and Stay Proceedings that is still pending before the Court (Doc. #18).  They argue that discovery should be stayed as this matter could be sent to arbitration and assert that the purpose of arbitration is to achieve a quicker and less expensive result through a more streamlined resolution process and that proceeding with discovery defeats that purpose.  Further, Defendants argue that they do not want to waive their right to compel arbitration by participating in discovery in the instant case, either by responding to Plaintiffs' discovery requests, or propounding their own.

When ruling on motions to stay discovery, Courts in this District have held that "[m]otions to [s]tay discovery may be granted pursuant to Rule 26(c), Fed. R. Civ. P., and the moving party bears the burden of showing good cause and reasonableness." Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (citing Howard v. Galesi, 107 F.R.D. 348 (S.D.N.Y. 1985)). Moreover, "such motions are not favored because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." Id. (citing Kron Medical Corp. v. Groth, 119 F.R.D. 636 (M.D.N.C. 1988)). "Finally, the Court ordinarily should not stay discovery which is necessary to gather facts in order to defend against the motion." Id. (citing Wilderness Soc. v. Griles, 824 F.2d 4 (D.C. Cir. 1987); Panola Land Buyers Ass'n v. Shuman, 762 F.2d 1550 (11th Cir. 1985)). "In deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." Id.

In this case, there remains some dispute between the Parties as to whether arbitration is proper in this case and if so, which parties would be compelled to arbitrate. Plaintiffs assert that neither of them are parties to any agreement to arbitrate with any of the Defendants in this case. Thus, it is not clear that the pending motion to compel arbitration would resolve this matter such that proceeding with discovery would be harmful. Thus, the Motion to Stay is due to be denied at this time.[1]

Accordingly, it is now

---

[1] The Court notes that Defendants have included a request to stay proceedings in their Motion to Compel Arbitration (Doc. #18, pp. 15-16). The Court is making no determination at this time regarding that request to stay proceedings. That request is left to the sound discretion of the District Court.

**ORDERED:**

Defendants' Motion to Stay Discovery (Doc. #46) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 4th day of February, 2013.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies:  All Parties of Record

3